United States District Court
Southern District of Texas
**ENTERED**
June 03, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUAN VU (SPN #02717850), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-0366 |
| | § | |
| LUAN VU, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Luan Vu (SPN #02717850), is currently incarcerated in the Harris County Jail. Vu filed a "Complaint for Damages/Redemption" ("Complaint") (Exhibit D to Defendants Charles A. McClelland, Jr. and M.F. Waters II's Notice of Removal ["Notice of Removal"], Docket Entry No. 1-4) in state district court, which was removed to this court. Now pending is a Motion to Dismiss filed by Defendants Charles A. McClelland, Jr. and M.F. Waters II ("McClelland and Waters' Motion to Dismiss") (Docket Entry No. 3). Also pending is a Motion to Dismiss filed by Hearst Newspapers, LLC, on behalf of Defendants Mike Glenn and the Houston Chronicle ("Hearst Defendants' Motion to Dismiss") (Docket Entry No. 8). Vu has not filed a response to either motion and his time to do so has expired. After considering all of the pleadings, the court will dismiss this case for the reasons explained below.

## I. Background

Vu is currently being held in the Harris County Jail on capital murder charges that were lodged against him by Houston police in January of 2014.[1] Vu is accused of killing his teenage girlfriend and dumping her body in a local bayou.[2]

Vu's Complaint is difficult to decipher. Styling himself as a "Secured Party/Executor/Beneficiary," Vu (the "real flesh and blood person") has filed suit against himself as a "Corporation/Trust Legal Entity."[3] Vu explains that he was turned into a corporate entity "without his consent" after he emigrated from Vietnam and was given a "green card" and social security number by the State of Texas and the United States Government, which he also describes as corporations.[4] Vu intends to prove that he was "made in the image of his creator" as established in the Book of Genesis,[5] and he asks the court to "dissolve" the "Luan Vu Trust."[6]

---

[1] Houston Police Department Press Release: "Suspect Arrested, Charged in Woman's Death at 8200 Broadway," Exhibit F to Hearst Defendants' Motion to Dismiss, Docket Entry No. 8-7, p. 2.

[2] Id.

[3] Complaint, Exhibit D to Notice of Removal, Docket Entry No. 1-4, p. 14.

[4] Id. at 17.

[5] Id. at 15.

[6] Id. at 14.

Vu also names Chief Charles A. McClelland and Homicide Detective Fil Waters of the Houston Police Department as defendants in this case.[7] Vu complains that Waters arrested him on or about January 21, 2014, and brought him to "the police station," where "other officials" questioned him.[8] After Vu stated that he did not want to talk to them, these unidentified officers reportedly locked him "in a cold room" and deprived him of food, water, and sleep for over 24 hours.[9] A Vietnamese detective named Tony and an "African-American Female" then forced him to sign "consent papers" for a search of his home.[10] Vu accuses Waters, McClelland, and other HPD officers of discriminating against him as a Vietnamese national and violating 42 U.S.C. § 1985 by conspiring to deprive him of his constitutional rights.[11]

In addition, Vu sues Mike Glenn, who is described as an editor or journalist employed by the <u>Houston Chronicle</u>, which is owned by Hearst Newspapers, LLC.[12] Vu takes issue with an article that Glenn wrote for the <u>Houston Chronicle</u> about Vu's arrest in January of 2014, which was based on information that was obtained from the

---

[7] <u>Id.</u>

[8] <u>Id.</u> at 22.

[9] <u>Id.</u>

[10] <u>Id.</u> at 23.

[11] <u>Id.</u> at 25-26.

[12] <u>Id.</u> at 15.

Houston Police Department.[13] Vu accuses Glenn of using the <u>Houston Chronicle</u> "as an oppressive instrument against accused people" by promoting "false, misleading and deceptive information."[14] Vu adds that the <u>Houston Chronicle</u> did "absolutely no independent investigation" to verify the trustworthiness of Glenn's article and has deceived the public, to Vu's detriment, for the sake of making a profit.[15]

Vu seeks a declaratory judgment regarding the Houston Police Department's duty to uphold "the individual rights of people," which are outlined in the Bible as well as the state and federal constitutions.[16] Vu asks the court to further declare that McClelland and Waters are "trustees" who have breached their fiduciary duty by oppressing Vu against his free will.[17] Vu asks the court to create liens against the defendants under the Uniform Commercial Code ("UCC") and "the common law."[18] Alleging further that he has been the victim of "official oppression," Vu also seeks $25,000.00 in compensatory and punitive damages from each defendant.[19]

---

[13] <u>Id.</u> at 26-27, 28-29.

[14] <u>Id.</u> at 28.

[15] <u>Id.</u> at 28-29.

[16] <u>Id.</u> at 30.

[17] <u>Id.</u> at 31.

[18] <u>Id.</u> at 31-33.

[19] <u>Id.</u> at 34.

McClelland and Waters move to dismiss the Complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Hearst Defendants (Mike Glenn and the <u>Houston Chronicle</u>) also move to dismiss the claims against them, arguing that the January 23, 2014, article is protected by the Texas Citizens Participation Act and that any defamation claim fails because it is barred by limitations.

## II. **Standard of Review**

Because the plaintiff is incarcerated, this case is governed by the Prison Litigation Reform Act (the "PLRA"), codified as amended at 28 U.S.C. § 1915A. <u>See</u> <u>Johnson v. State of Louisiana</u>, 468 F.3d 278 (5th Cir. 2006) (per curiam) (applying the PLRA in a removal case). The court is required by the PLRA to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); <u>see also</u> 28 U.S.C. § 1915(e)(2)(B) (authorizing summary dismissal on these same grounds where the plaintiff proceeds <u>in forma pauperis</u>).

The defendants' Motions to Dismiss are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. Motions to dismiss under Rule 12(b)(6) are appropriate if the plaintiff's

Complaint fails to state a claim upon which relief can be granted. In reviewing a motion under Rule 12(b)(6), a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." Bustos v. Martini Club, Inc., 599 F.3d 458, 461 (5th Cir. 2010) (citation omitted). To withstand a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974.

The court is mindful that the plaintiff proceeds pro se in this case. Courts are required to give a pro se litigant's contentions, however inartfully pleaded, a liberal construction. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)); see also Haines v. Kerner, 92 S. Ct. 594, 595-96 (1972) (noting that allegations in a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

### III. Discussion

#### A. Corporate-Entity and UCC Claims: Frivolousness

Much of the Complaint is devoted to quotations from the Bible and commentary about the United States of America's status as a corporate entity.[20] These allegations appear both fantastic, delusional, and factually frivolous. See Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (noting that a court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless," "fanciful," "fantastic" or "delusional"). To the extent that Vu refers to himself as a secured party or corporate entity and seeks liens against the defendants, the Complaint will be dismissed as frivolous.[21]

#### B. Claims Against McClelland and Waters

Vu claims that McClelland, Waters, and other HPD officers conspired to violate his constitutional rights and that his consent to the search of his residence was coerced after he was held in a cold room without food, water, or sleep for over 24 hours. McClelland and Waters argue that the claims against them must be dismissed for several reasons.

McClelland contends that any claim against him must be dismissed because the allegations are insufficient to establish his

---

[20]Complaint, Exhibit D to Notice of Removal, Docket Entry No. 1-4, pp. 15-21.

[21]As a matter of Texas law, liens created by or on behalf of inmates are presumed to be fraudulent. See Tex. Gov't Code § 405.022(b).

liability in either an official or individual capacity. A review of the Complaint confirms that Vu does not allege facts establishing that McClelland was personally involved in his arrest or interrogation, and he does not otherwise demonstrate the existence of a policy on which to base liability against the City of Houston or McClelland as Chief of Police. Vu's conclusory allegations are insufficient to establish supervisory liability in this context. See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002); Thompkins v. Belt, 828 F.2d 298, 305 (5th Cir. 1987). Accordingly, the claims against McClelland will be dismissed for failure to state a claim.

McClelland and Waters also argue that Vu fails to state an actionable conspiracy claim because employees of the same "collective entity" cannot conspire among themselves. It is undisputed that McClelland, Waters, and the "other officials" referenced in the Complaint are employed by the City of Houston. The Fifth Circuit has recognized that "[t]he City of Houston is a single legal entity and, as a matter of law, its employees cannot conspire among themselves." Swilley v. City of Houston, 457 F. App'x 400, 404 (5th Cir. 2012) (citing Benningfield v. City of Houston, 157 F.3d 369, 378 (5th Cir. 1998)). Because McClelland, Waters, and the other officers or officials referenced in the Complaint are all employed by the same entity, Vu fails to state a

viable claim for conspiracy.[22] Therefore, McClelland and Waters' Motion to Dismiss the conspiracy claim will be granted.

To the extent that Vu complains that police officers coerced his consent to a search of his home or committed other unspecified constitutional violations in connection with his prosecution, the court declines to address the merits of his allegations because doing so would interfere with an ongoing state criminal proceeding.[23] Absent extraordinary circumstances the doctrine of abstention announced in Younger v. Harris, 91 S. Ct. 746, 751 (1970), prohibits interference by a federal court with a pending state criminal prosecution.[24] See DeSpain v. Johnston, 731 F.2d 1171, 1177 (5th Cir. 1984) ("The Younger doctrine establishes a presumption that the federal courts should abstain in cases in

---

[22]Vu does not otherwise allege specific facts in support of his claim of conspiracy. Absent reference to material facts, Vu fails to establish that there was a conspiracy to violate his constitutional rights. See Lynch v. Cannatella, 810 F.2d 1363, 1370 (5th Cir. 1987) ("Bald allegations that a conspiracy existed are insufficient.").

[23]McClelland and Waters argue that claims that call into question the validity of the charges against Vu are barred by the ruling in Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). The ruling in Heck provides that if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. Because Vu has not been convicted and sentenced, Heck does not apply.

[24]Although the defendants do not raise this issue, a court can raise Younger abstention sua sponte. See Murphy v. Uncle Ben's, Inc., 168 F.3d 734, 737 n.1 (5th Cir. 1999) ("[A]bstention may be raised by the court sua sponte.").

which a state criminal proceeding is pending."); see also Louisiana Debating and Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1489 (5th Cir. 1995) ("[Abstention] is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character.") (citation omitted). Because Texas affords a process for criminal defendants to file a pretrial motion to suppress under Article 28.01 of the Texas Code of Criminal Procedure, Vu has an adequate avenue for raising his claim of coerced consent in state court. The pleadings in this case do not otherwise demonstrate that extraordinary circumstances are present or that federal court intervention is warranted. Accordingly, to the extent that Vu claims that his consent to a search was coerced or that his constitutional rights were violated by law enforcement in connection with his prosecution, these claims will be dismissed without prejudice.

C.  **Defamation Claims Against the Hearst Defendants**

Vu claims that the Hearst Defendants (Glenn and the Houston Chronicle) damaged his reputation or defamed him by publishing a misleading article about him following his arrest on murder charges. The claim is based on the publication of an article that appeared in the Houston Chronicle (in print and online) on

January 23, 2014, concerning Vu's arrest.[25] The information contained in this article came from a press release that was issued by the Houston Police Department.[26] To the extent that Vu's claim is based on this article, the Hearst Defendants argue that his allegation of defamation is subject to the Texas Citizens Participation Act ("TCPA"), Tex. Civ. Prac. & Rem. Code § 27.001, et seq., and fails to state a claim because it is barred by the applicable statute of limitations.

The TCPA is an anti-SLAPP (strategic lawsuits against public participation) statute that is designed to "encourage and safeguard the constitutional rights of persons to . . . speak freely," Tex. Civ. Prac. & Rem. Code. § 27.002, by protecting them "from retaliatory lawsuits that seek to intimidate or silence them on matters of public concern." In re Lipsky, 460 S.W.3d 579, 586 (Tex. 2015) (citation omitted). The TCPA sets out a two-step inquiry when a party moves to dismiss. See id.; see also Cuba v. Pylant, 814 F.3d 701, 711 (5th Cir. 2016). "The [defendant-movant] has the initial burden to show, by a preponderance of evidence, that the activity that forms the base of the claim against him is protected by the statute — that is to say, that the suit arises

---

[25]Article: "Body of missing teen found; boyfriend in custody," Houston Chronicle, Jan. 23, 2014, Exhibit B to Hearst Defendants' Motion to Dismiss, Docket Entry No. 8-3, p. 2.

[26]Houston Police Department Press Release: "Suspect Arrested, Charged in Woman's Death at 8200 Broadway," Exhibit F to Hearst Defendants' Motion to Dismiss, Docket Entry No. 8-7, p. 2.

from the movant's exercise of his right to free speech, association, or petition." Cuba, 814 F.3d at 711. "If he meets that burden, the trial court must dismiss unless the party opposing dismissal can point to 'clear and specific evidence' that establishes a prima facie case for each essential element of his claim." Id. (quoting Lipsky, 460 S.W.3d at 586-87); see also Tex. Civ. Prac. & Rem. Code § 27.005(c).

The Hearst Defendants argue that the activity that forms the basis of Vu's claim, publication of the January 2014 article regarding Vu's arrest on capital murder charges, is protected by the TCPA as an exercise of the right to free speech because it is "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code § 27.001(3). The TCPA defines matters of public concern to include issues related to "health or safety," "environmental, economic, or community well-being," "the government," "a public official or public figure," or "a good, product, or service in the marketplace." Id. at § 27.001(7). The Hearst Defendants argue convincingly that the January 2014 article regarding the death of a local teenager and subsequent arrest of the suspected murderer relates to the issue of public safety, which is a matter of public concern. The Hearst Defendants have therefore met their burden to show that the article at issue is protected by the TCPA.

Vu has not filed a response to the Hearst Defendants' Motion to Dismiss and has made no effort to establish a prima facie case

for each essential element of his claim against them. See Tex. Civ. Prac. & Rem. Code § 27.005(c). For this reason alone the defamation claims against the Hearst Defendants are subject to dismissal under the TCPA. The Hearst Defendants also argue that Vu cannot make a prima facie case and that he otherwise fails to state a claim because his defamation claim is barred by the affirmative defense of limitations.

Defamation claims in Texas are subject to a one-year statute of limitations, which runs from the date the allegedly defamatory matter was published. See Tex Civ. Prac. & Rem. Code § 16.002(a); Deaver v. Desai, 483 S.W.3d 668, 674 (Tex. App. – Houston [14th Dist.] 2015, no pet.). The article that Vu complains of was published in print and in digital form on January 23, 2014, but Vu did not execute his Complaint against the Hearst Defendants until December 13, 2015,[27] which is well outside the applicable statute of limitations. Because Vu's defamation claim is barred by limitations, his claims against the Hearst Defendants must be dismissed under the TCPA or, alternatively, Rule 12(b)(6) of the Federal Rules of Civil Procedure.[28]

---

[27]Complaint, Exhibit D to Notice of Removal, Docket Entry No. 1-4, p. 35.

[28]The Hearst Defendants argue in the alternative that Vu's defamation claim must be dismissed because any alleged defamatory statements in the January 2014 article are substantially true and privileged under Texas law as a "fair and accurate report on official proceedings" that were relayed in the Houston Police Department's press release regarding the murder investigation and
(continued...)

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Complaint for Damages/Redemption filed by Luan Vu as a "Secured Party/Executor/Beneficiary" against Luan Vu "Corporation/Trust Legal Entity" (Exhibit D to Notice of Removal, Docket Entry No. 1-4) is **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. § 1915A(b).

2. Defendants Charles A. McClelland, Jr. and M.F. Waters II's Motion to Dismiss (Docket Entry No. 3) is **GRANTED** in part with respect to the claims against McClelland and the conspiracy claims, which are **DISMISSED with prejudice**.

3. Vu's claim that his constitutional rights were violated by HPD officers who coerced his consent to search his home is **DISMISSED without prejudice** under Younger v. Harris, 91 S. Ct. 746 (1970).

4. The Hearst Defendants' Motion to Dismiss (Docket Entry No. 8) is **GRANTED** and Vu's defamation claims are **DISMISSED with prejudice**.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.**

**SIGNED** at Houston, Texas, on this the 3rd day of June, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[28] (...continued)
Vu's arrest. Hearst Defendants' Motion to Dismiss, Docket Entry No. 8, pp. 7-9. Because Vu has failed to make a prima facie case as required by the TCPA and the defamation claims at issue are barred by limitations, the court does not reach this argument.